WO                                                                                                          JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| April Carrie Crick, et al., | No. CV 21-00978-PHX-JAT (DMF) |
| Plaintiffs, | |
| vs. | **ORDER** |
| City of Globe, et al., | |
| Defendants. | |

Plaintiffs April Carrie Crick and Timothy Lee Crick, husband and wife, brought this civil rights action, through counsel, under 42 U.S.C. § 1983 and state law against the City of Globe, the Globe Police Department, Globe Police Chief Walters, and Officers Ramon Hernandez and Cody Hudson. (Doc. 1.)[1] Before the Court is Defendants' Motion for Partial Summary Judgment. (Doc. 21.) The Court will grant the Motion in part and deny it in part.

**I.    Background**

Plaintiffs' claims arose at the business property they own in Globe, Arizona. (Doc. 1-3 at 5.) Plaintiffs' building operated from 2015 to 2019 as Hair Salon, Nail Shop and retail beauty supply, and as Gem and Jewelry Shop. (*Id.*) In their Complaint, Plaintiff allege the following:

April Crick reported police misconduct and, consequently, was subjected to

---

[1] Plaintiff initiated this action in state court, and Defendants removed the action to federal court. (Doc. 1, Gila County Superior Court No. S0400 CV 202100158.)

harassment, battery, trespass, retaliation, violation of her civil rights, assault, and intentional infliction of severe emotional distress. (Doc. 1-3 at 7.) In 2020, Defendant officers threatened April Crick's life while she conducted legal activities on her property, and Defendant officers repeatedly trespassed, interrupted her lawful business, and caused her to fear for her life. (*Id.*) April Crick did not engage in any illegal activities, and there was no probable cause to suspect her of any crime. (*Id.* at 8.) As a result of Defendants' actions, Plaintiffs closed their retail supply shop and Gem and Jewelry Shop in March 2020. (*Id.* at 5.)

On April 29, 2020, Defendants again entered April Crick's property, pointed guns at her, and caused her to fear for her life. (*Id.*) April Crick did not pose a threat to Defendant officers, did not resist, and did not attempt to flee from the unlawful arrest. (*Id.* at 9.) Without justification or provocation, Defendant officers used excessive and extremely painful force against April Crick, causing severe physical, mental, and emotional injuries. (*Id.* at 9–10.) April Crick's husband observed Defendant officers harass and assault April Crick and was traumatized as a result. (*Id.* at 19.)

In May 2020, Defendant officers unlawfully arrested April Crick. (*Id.* at 14.) Her case went to trial and was dismissed. (*Id.*)

Plaintiffs assert the following claims for relief:

• Count I—state law negligence and other liability (assault and battery, intentional infliction of emotional distress, negligent hiring and training) against the individual Defendants, the Globe Police Department, and the City of Globe;

• Count II—42 U.S.C. § 1983 claim for excessive force in violation of the Fourth, Eighth, and Fourteenth Amendments against the individual Defendants;

• Count III—§ 1983 claim for retaliation for free speech in violation of the First Amendment against the individual Defendants;

• Count IV—§ 1983 claim for wrongful arrest in violation of the Fourth and Fourteenth Amendments against the individual Defendants;

• Count V—§ 1983 claim for malicious prosecution in violation of the Fourth and

Fourteenth Amendments against the individual Defendants;

• Count VI—§ 1983 claim for violation of the right to familial association under the First and Fourteenth Amendments against the individual Defendants; and

• Count VII—§ 1983 municipal liability claim against the City of Globe. (*Id.* at 7–23.)

Plaintiffs sue for damages, lost wages, costs and attorney's fees, and injunctive relief. (*Id.* at 24–25.)

On January 18, 2022, the City of Globe, the Globe Police Department, and Officers Hernandez, Hudson, and Walters filed a Partial Motion for Summary Judgment Re: Plaintiffs' State Law Claims. (Doc. 21.) Defendants move for summary judgment on the grounds that (1) the Globe Police Department is not a jural entity capable of being sued, (2) Plaintiffs failed to strictly comply with the state notice of claim statute as to the three individual Defendants; and (3) because Plaintiffs cannot maintain state law claims against the individual Defendants, all state law claims against the City of Globe must be dismissed. (*Id.*)

## II.     **Summary Judgment Standard**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. "[T]o carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion

at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Id.* at 1102–03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden then shifts to the nonmovant to produce evidence to support its claim or defense. *Id.* at 1103. The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

The judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In its analysis, the court does not make credibility determinations; it must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

**III.   Globe Police Department**

Police departments are subparts of municipalities, not separate entities for purposes of suit. *See Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008); *cf. Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (county sheriff's office is a non-jural entity). Accordingly, the Globe Police Department is not a proper Defendant under § 1983 and must be dismissed as to Plaintiff's federal constitutional claims. The proper defendant is the City of Globe, which is already a named Defendant.

Arizona courts have likewise held that police departments are non-jural entities and lack the capacity to be sued for state law claims. *See Braillard v. Maricopa Cnty.*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010); *see also Medrano v. City of Phoenix*, No. 1 CA-CV 13-0484, 2014 WL 5494931, at *1 n.4 (Ariz. Ct. App. Oct. 30, 2014) ("[b]ecause it is

a non-jural entity that cannot be sued, the Phoenix Police Department was dismissed as a putative party"). Plaintiffs rely on state cases addressing liability under comparative fault principles to argue that the Globe Police Department is at fault and can be held responsible. (Doc. 27 at 3–4.) But those cases are inapplicable and do not alter Arizona court holdings that police departments are non-jural entities. The Globe Police Department will therefore be dismissed as a Defendant.

## IV. Notice of Claim

### A. Governing Statute

Under Arizona state law, a plaintiff must file a Notice of Claim with the public employee within 180 days of the incident from which the claim arose. Ariz. Rev. Stat. § 12–821.01(A). In addition, the plaintiff must give notice to a public employee's employer; "[a] claimant who asserts that a public employee's conduct giving rise to a claim for damages was committed within the course and scope of employment must give notice of the claim to both the employee individually and to his employer." *Crum v. Superior Court In and For Cnty. of Maricopa*, 922 P.2d 316, 317 (Ariz. Ct. App. 1996).

Arizona's notice of claim statute provides, in relevant part:

> Persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues . . . . Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01(A).

For service of process on an individual, the Arizona rules of civil procedure state:

> [A]n individual may be served by: (1) delivering a copy of the summons and the pleading being served to that individual personally; (2) leaving a copy of each at that individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Ariz. R. Civ. P. 4.1(d).

Arizona courts have held that plaintiffs who do not strictly comply with § 12-821.01(A) are barred from bringing suit. *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007) ("[c]ompliance with the notice provision of § 12-821.01(A) is a mandatory and essential prerequisite to such an action"). "Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of . . . § 12-821.01(A)." *Falcon ex rel. Sandoval v. Maricopa Cnty.*, 144 P.3d 1254, 1256 (Ariz. Ct. App. 2006).

An assertion that the plaintiff has not complied with the notice-of-claim statute is an affirmative defense. *Lee v. State*, 242 P.3d 175, 178 (Ariz. Ct. App. 2010). Therefore, the defendant bears the burden of proving that the plaintiff failed to comply. *See Pfeil v. Smith*, 900 P.2d 12, 14 (Ariz. Ct. App. 1995) ("[i]n a civil action . . . the defendant has the burden of proving an affirmative defense").

### B. Discussion

The parties do not dispute that Plaintiffs did not deliver a copy of the Notice of Claims to the individual Defendants. The evidence shows that copies of the Notice of Claims for Walters, Hernandez, and Hudson were delivered by the Constable to the front office personnel at the Globe Police Department at 175 N. Pine Street in Globe, Arizona. (Doc. 28-1 at 2, Constable Ruben A. Mancha Decl. ¶ 7.) The Notice of Claims for Walters and Hudson were delivered to Kathleen Vega on October 26, 2020, and the Notice of Claim for Hernandez was delivered to Beth McCreary on October 29, 2020. (*Id.* at 6, 8–9.) Thus, the question is whether Plaintiffs effected service by "delivering a copy of [the notice] to an agent authorized by appointment or by law to receive service of process." Ariz. R. Civ. P. 4.1(d).

Defendants argue that neither Vega nor McCreary are authorized by law to accept service and that delivering a notice of claim at an individual defendant's place of work does not satisfy Arizona's notice of claim statute. (Doc. 40 at 4–5.) Defendants submit declarations from Walters and Hernandez, who aver that they did not authorize Vega or McCreary to accept service of the Notice of Claim on their behalf. (Doc. 22-1 at 2–3,

- 6 -

Walters Decl. ¶ 5; Doc. 22-1 at 9–10, Hernandez Decl. ¶¶ 5–7.) They also submit the declaration of McCreary, who avers that she was not authorized by any employee of the City of Globe or its Police Department to accept service of process of a notice of claim. (Doc. 22-1 at 14–15; 30-1 at 2–4, McCreary Decl. ¶ 6.)

Plaintiffs do not dispute that Vega and McCreary were not authorized by appointment or law to accept service of the Notice of Claims for the individual Defendants. (*See* Doc. 27.) Instead, Plaintiffs argue that Constable Mancha, who they hired to serve Defendants, has been serving Globe Police Officers by delivery of documents to Globe Police Department front office personnel for years and that the Globe Police Department never advised Constable Mancha that he was not authorized to serve police officers. (*Id.* at 6–7.) Plaintiffs therefore contend that there is a question of fact whether Mancha was authorized to serve the Notice of Claims on the individual Defendants in the same manner he has done in the past. (*Id.* at 7.)

Plaintiffs' argument improperly focuses on whether Constable Mancha was authorized to effect service on Defendants in a certain manner. The plain language of Arizona Rule of Civil Procedure 4.1(d)(3) makes clear that effective service depends on whether the *accepting* agent is authorized by law to accept service, not whether the delivering agent is authorized to serve documents. It is of no moment that Constable Mancha delivered copies of documents to Globe Police Department front office personnel in the past. In *Chen v. Maricopa County*, the plaintiff sought to sue the county medical examiner and left the notice of claim with the receptionist at the examiner's office, as it was "an accepted practice at the Office to receive legal process through the receptionist." No. 12-CV-00814-PHX-GMS, 2013 WL 1045484, at *3 (D. Ariz. 2013). The court found that service was insufficient because the receptionist was not authorized to accept service for the examiner, and the plaintiff never alleged the defendant represented that the receptionist was his agent or would accept service on his behalf. *Id.*; *see Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc.*, CV-05-03469-PHX-SMM, 2006 WL 1722314, *6 (D. Ariz. June 22, 2006) ("Arizona courts have only allowed service on an ostensible

agent where reliance on a defendant's representations about an individual's apparent authority was reasonable") (citing *Koven v. Saberdyne Sys., Inc.*, 625 P.2d 907, 911 (Ariz. Ct. App. 1980)). Here, there is no allegation that any of the individual Defendants represented to Plaintiffs that front office personnel at the Globe Police Department would accept service on their behalf.

Numerous cases have established that there are few, if any, exceptions to the service requirement, even where the individual accepting service incorrectly informs the process server that he or she can accept service for the defendant. *See Peck v. Hinchey*, No. CV-12-01371-PHX-JAT, 2014 WL 10987731 at *14 (D. Ariz. Dec. 21, 2018), *aff'd in part, rev'd in part and remanded*, 655 F. App'x 534 (9th Cir. 2016), *as amended on denial of reh'g* (July 12, 2016) ("[i]n the context of service of process of a Notice of Claim on an individual, apparent authority is insufficient to effectuate service; rather, the agent must actually be 'authorized by appointment or by law to receive service of process'") (citation omitted); *Drake v. City of Eloy*, No. CV-14-00670-PHX-DGC, 2014 WL 3421038, at *2 (D. Ariz. July 14, 2014) (where the process server delivered the notice to the defendant's supervisor, the chief of police, who "told the process server that he was authorized to accept service for" the defendant, service was insufficient because there was no allegation that the defendant himself had represented that his supervisor had authority to accept service on his behalf); *Strickler v. Arpaio*, No. CV-12-344-PHX-GMS, 2012 WL 3596514, at *1 (D. Ariz. Aug. 21, 2012) (where "the receptionist at the MCSO's administrative office agreed to accept service on behalf of Deputy Edwards-El," service was insufficient because the receptionist was not actually authorized to accept service for Edwards-El and the process server never met "face-to-face" with Edwards-El).

Based on the above, Plaintiffs' delivery of the Notice of Claims via the Constable to Vega and McCreary did not satisfy the requirements of the § 12-821.01(A). The Court must therefore dismiss Plaintiffs' state law claims in Count I against Walters, Hudson, and Hernandez.

**V.    State Law Claims Against City of Globe**

Under state law, municipal responsibility hinges on respondeat superior, or vicarious liability. *Engler v. Gulf Interstate Eng'g, Inc.*, 491 258 P.3d 304, 309 (Ariz. Ct. App. 2011). Defendants argue that vicarious liability cannot lie where a plaintiff's underlying claims against the agent/employee are dismissed. (Doc. 21 at 6–7, citing *Ford v. Revlon*, 734 P.2d 580, 584 (Ariz. 1987), and *Law v. Verde Valley Med. Ctr.*, 170 P.3d 701, 705 (Ariz. Ct. App. 2007)).

Neither of the two cases cited by Defendants involved a dismissal of the agent/employee due to a failure to comply with the notice of claim statute. *Ford* involved a jury's adjudication on the merits. 734 P.2d at 584 (at trial, the agent was found not guilty of intentional infliction of emotional distress). And the dismissals in *Law* resembled a determination on the merits. 170 P.3d at 703 (one doctor dismissed in conjunction with settlement, the other by the plaintiff's voluntary dismissal).

Although a dismissal due to a failure to comply with the notice of claim statute is a dismissal "with prejudice," dismissal on this ground is not an adjudication on the merits. *Strickler v. Arpaio*, No. CV-12-00344-PHX-GMS, 2012 WL 6200612, at *3 (D. Ariz. Dec. 12, 2012) ("[s]imilar, then, to a statute of limitations, the notice of claim statute operates to foreclose a claim, but is not a determination on the merits"); *see, e.g.*, *Kroncke v. City of Phoenix*, No. 1 CA-CV 10-0676, 2011 WL 6809841, at *3 (Ariz. Ct. App. Dec. 27, 2011) ("we hold that dismissal with prejudice was proper on the alternative ground that [Kroncke's tort claims] have been barred by his failure to comply with the mandatory notice of claim statute"); *Holmes v. City of Flagstaff*, No. CV09-8156 PCT-DGC, 2010 WL 994190, at *4 (D. Ariz. March 17, 2010) (dismissing state law claims with prejudice because the plaintiff did not file a notice of claim). Indeed, in *Strickler*, this Court expressly stated that dismissal based on the notice of claim statute "is not a determination on the merits for purposes of respondeat superior," and it rejected the same argument that Defendants present here. 2012 WL 6200612, at *3; *but see Ferreira v. Arpaio*, No. CV-15-01845-PHX-JAT, 2016 WL 3970224, at *10 (D. Ariz. July 25, 2016) (failure to comply with the notice of claim statute operates as a dismissal with prejudice, and "[w]here claims

- 9 -

against an individual employee—or employees—are dismissed with prejudice, then the employer can never be found vicariously liable") (quotation omitted).

Plaintiffs rely on the Arizona Court of Appeals decision in *Banner University Medical Center Tucson Campus, LLC v. Gordon* to argue that dismissal of the individual Defendants does not preclude a claim against the City of Globe because the dismissal does not operate as an adjudication on the merits. (Doc. 27 at 8–9, citing 467 P.3d 257 (Ariz. Ct. App. 2020.)  The *Banner* decision was vacated by the Arizona Supreme Court a few weeks before Plaintiffs filed their Response.  *Banner Univ. Med. Ctr. Tucson Campus, LLC*, 502 P.3d 30 (2022).  But the Arizona Supreme Court decision still supports Plaintiffs' argument.

In *Banner*, the Arizona Supreme Court addressed whether a vicarious liability claim against a hospital-employer was precluded after the trial court granted summary judgment and dismissed doctor-employees with prejudice due to the plaintiffs' failure to serve each doctor with a notice of claim.  *Id.* at 31.  The Supreme Court determined that the dismissal order did not include the "express determination and recital" language required under Federal Rule of Civil procedure 54(b); therefore, it did not serve as a final judgment.  *Id.* at 32.  The Supreme Court noted that for "claim preclusion to apply, there must be a final judgment on the merits."  *Id.*  Consequently, because the order dismissing the doctors was not a final judgment on the merits, the plaintiffs' vicarious liability claim against Banner was not precluded.  *Id.* at 33.

Defendants attempt to distinguish *Banner* by stating that "the form of dismissal of the employees was the problem, not that they had been dismissed because of a failure to serve a notice of claim." (Doc. 30 at 7.)  Defendants submit that the Court may avoid that problem here by including Rule 54(b) language in any order that dismisses the City of Globe along with dismissal of the individual Defendants.  (*Id.*)

Rule 54(b) judgments "should not be entered routinely," but are limited to "the infrequent harsh case as an instrument for the improved administration of justice."  *S. Cal. Edison Co. v. Peabody W. Coal Co.*, 977 P.2d 769, 775 (Ariz. 1999) (quotation omitted).

Rule 54(b) language is appropriate if the judgment involves claims that are "clearly separate and distinct from the remaining claims" and "there is no just reason for delay." *See Continental Cas. v. Superior Court*, 635 P.2d 174, 177 (1981) (quotation omitted). A claim is "separate and distinct" from others if "no appellate court would have to decide the same issues more than once even if there are subsequent appeals." *Id.* at 176. The claims against the individual Defendants are not clearly "factually and legally distinct" from the claim asserted against the City of Globe. *See id.* And the state law claims against Defendants are not factually distinct from the federal § 1983 claims against Defendants. A dismissal order as to the individual Defendants, or as to the individual Defendants and the City of Globe, with Rule 54(b) language would therefore be inappropriate.

In short, dismissal of the claims against the individual Defendants for failure to file a notice of claim is not an adjudication on the merits, and this dismissal does not include Rule 54(b) language. Pursuant to the ruling in *Banner*, Plaintiffs' vicarious liability claim against the City of Globe is not precluded.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion for Partial Summary Judgment (Doc. 21).

(2) Defendants' Motion for Partial Summary Judgment (Doc. 21) is **granted in part** and **denied in part** as follows:

    (a) the Motion is **granted** as to the state law claims in Count I against the individual Defendants and the Globe Police Department; and

    (b) the Motion is otherwise **denied**.

(3) The Globe Police Department is **dismissed** as a Defendant.

(4) The state law claims against the individual Defendants are **dismissed**.

/ / /

/ / /

/ / /

/ / /

(5)     The remaining claims are Plaintiff's state law vicarious liability claim against the City of Globe in Count I and their federal constitutional claims against Defendants Walters, Hudson, Hernandez, and the City of Globe in Counts II–VII.

Dated this 8th day of June, 2022.

*James A. Teilborg*
Senior United States District Judge