WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| April Carrie Crick, et al., | No. CV-21-00978-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Globe, et al., | |
| Defendants. | |

This Court has already issued multiple orders regarding the parties' failure to competently prepare the joint proposed final pretrial order. The Court now learns, through a motion by Defendants, that when the parties met in person to exchange their exhibits, and filed a notice informing the Court that they met in person (Doc. 99), they did not actually finalize the exhibit list (Doc. 116).

As a history of the exhibit issue only (not all of counsels' failures in this case), on December 14, 2023, the Court ordered:

> IT IS FURTHER ORDERED that: (1) the parties shall number exhibits as provided in Attachment #2 ("Exhibits - Marking, Listing and Custody"), and such numbers shall correspond to the numbers of exhibits listed in the joint Proposed Final Pretrial Order; (2) no later than fourteen (14) days before the submission deadline for the joint Proposed Final Pretrial Order, the parties shall meet in person and exchange **marked copies of all exhibits to be used at trial**; any exhibit not marked and exchanged at this meeting shall be precluded at trial; [footnote 3: During this in-person meeting the exhibits must be in the exact physical form that will be used at trial. In other words, if a party intends to offer a paper exhibit at trial, that party must have a marked paper exhibit at this meeting, not an electronic copy. Also, the parties should mark their exhibits exactly as they intend to offer them at trial. Meaning, an exhibit will be admitted in its entirety; thus, if any part of the exhibit is objectionable, it will be excluded in its entirety. The parties shall

> not plan to break the exhibit apart into admissible sub-parts if an objection is sustained.] (3) while meeting to exchange exhibits, the parties shall eliminate any duplicate exhibits; and (4) the marked exhibits shall thereafter remain unaltered until further order of the Court.

(Doc. 90 at 3-4) (reformatted).

The parties failed to have this meeting to exchange exhibits within the deadline of the Order at Doc. 90. The Court detailed this issue in the Order at Doc. 98:

> Defendants' counsel alleges that the parties did not meet in person to exchange exhibits as required by this Court's order. (Doc. 95 at 2). Defendants' counsel offered to meet on Friday, February 9, 2024 at Defendants' counsel's office, but Plaintiff's counsel indicated he was unavailable. Defendants' counsel does not indicate what other efforts, if any, were made by either counsel to have the meeting. …
> IT IS FURTHER ORDERED that by Friday, February 23, 2024, the parties shall meet in person to exchange exhibits as required by the Order setting final pretrial conference. Upon the completion of this meeting, the parties must file a joint notice that the meeting has concluded and that all exhibits have been exchanged. If this meeting is not accomplished by 5:00 p.m., February 23, 2024, or the joint notice of accomplishing the meeting is not filed by 9:00 a.m. Tuesday, February 27, 2024, the parties shall appear for an in-person status conference with the Court at 401 W. Washington Street, Courtroom 503, Phoenix, Arizona 85003 at 10:30 a.m., Wednesday, February 28, 2024. If this hearing is necessary, the parties shall bring all of their exhibits to the status conference.

(Doc. 98) (emphasis omitted).

The parties filed a notice at Doc. 99. As a result of that notice, the Court vacated the hearing. The notice stated: "pursuant to this Court's Order at Doc. 98, [the parties] hereby file this Notice informing the Court that the in-person meeting of counsel to exchange exhibits took place on Friday, February 23, 2024 at noon at the office of defense counsel. **All exhibits have been reviewed, duplicate exhibits have been removed and all exhibits have been exchanged.**" (Doc. 99) (emphasis added).

At Doc. 116, Defendants filed a motion that states, among other things, that there are three competing versions of Plaintiff's exhibits. The version exchanged in binders on February 23, 2024, an electronic version on a USB drive, and the list included in the Joint Proposed Final Pretrial Order at (Doc. 110). (Doc. 116-3).

In the Court's opinion, there is only one version of the exhibits: the version exchanged on February 23, 2024. Had the parties fully complied with this Court's

requirements, the list of exhibits to be included in the joint proposed final pretrial order would have been created and finalized at this meeting.  But apparently, although having the meeting at his office, defense counsel and his staff refused to type up a list of exhibits based on the exchange of documents in the room, instead insisting that sometime later Plaintiff's counsel return to his office and create the list.  Certainly Plaintiff's counsel should have been able to do such a simple task.  However, by choosing to have the meeting at his own office, defense counsel's failure to provide minimal administrative support during the meeting to create a list of 106 exhibits[1] ultimately caused the problem about which he now complains. Indeed, in prior disputes, the Court has reviewed fairly aggressive emails from defense counsel about how he will not provide any administrative support to Plaintiff's counsel. (Doc. 107 at 3). While generally defense counsel is correct that no such duty exists, defense counsel's hardline approach and lack of a cooperative attitude led to a failure by both counsel, which likely falls more heavily on defense counsel when conducting an in-person meeting at his own office which is supposed to result in a joint list.

Moreover, defense counsel prepared, signed and filed the joint proposed final pretrial order. (Doc. 110).  Defense counsel now complains that it contains an exhibit list that is a surprise to him.  As the Court recounted in the various previous Orders (*see, e.g.,* Docs. 88, 98 and 109), the Court is disappointed in the Plaintiff and Defense counsels' inability to work together.  In this Court's opinion, the court system could not function if all attorneys engaged in conduct detrimental to the administration of justice like the behavior in this case.

The Court is somewhat at a loss as to how to proceed.  This Court can, again, order the parties to meet and confer, in person, to physically exchange marked exhibits and create the joint exhibit list that will be attached to the joint proposed final pretrial order.  But of course, this will be the third time the Court has ordered the same exact exchange to no

---

[1] The Court obtained this number from the joint proposed final pretrial order at Doc. 110; the Court does not know how many exhibits were actually exchanged on February 23, 2024.

avail. Further, at the hearing on March 27, 2024, the Court limited Plaintiff to the exhibits listed in the joint proposed final pretrial order filed at Doc. 110 due to his failure to follow-up regarding the preparation of that document. Any order requiring a re-do of the exhibit exchange will likely conflict with the March 27, 2024 oral order.

Nonetheless, as the Court has stated before, the Court cannot go to trial without the good faith participation of the parties. And on this record, the final pretrial order–apparently–has not reached a state of completion from which the Court can try the case. As a result,

**IT IS ORDERED** that the parties must, again, meet and confer in person and physically exchange copies of their marked exhibits in the exact form such exhibits will be offered at trial; at this meeting defense counsel must prepare the joint list of exhibits to be attached to the joint proposed final pretrial order, including listing all objections.[2] This in person exchange must occur by April 12, 2024.

**IT IS FURTHER ORDERED** that after this meeting, neither counsel may change, supplement, amend, or modify the marked exhibits in any way. If either counsel believes this requirement that the exhibits be unaltered following the meeting presents a problem, counsel may, by Tuesday, April 9, 2024, ask that this meeting occur in the Courtroom and that following the meeting the exhibits be left with the Courtroom Deputy for trial.

**IT IS FURTHER ORDERED** that Defense counsel must file a new version of the joint proposed final pretrial order (the current version at Doc. 110 will no longer be operative) and email a Word copy of that Order to the chambers email address by Tuesday, April 16, 2024. The Court expects that ONLY Plaintiff's exhibit list (and Defendants' objections thereto) will be changed from the prior version. However, the Court requires one final document, so the entire document will need to be re-filed and emailed.

**IT IS FURTHER ORDERED** that the Court will not require an exchange of electronic versions of exhibits (unless only an electronic version will be offered at trial).

---

[2] The Court cannot bind Plaintiff to only the list from Doc. 110 or only the previously exchanged versions as they apparently do not match and the Court has no basis on which to deem one or the other controlling.

1 The to-be-offered-at-trial versions exchanged at the in-person meeting will be all either counsel is required to provide to the other.[3]

**IT IS FINALLY ORDERED** that Plaintiffs shall respond to Defendants' motion at Doc. 116 with respect to the expert disclosure issue by Tuesday, April 16, 2024. Should Defendants wish to file a reply, they shall do so by Tuesday, April 23, 2024.[4]

Dated this 8th day of April, 2024.

*James A. Teilborg*
Senior United States District Judge

---

[3] This should resolve any argument that the USB drive version of exhibits differs from the exchanged version of exhibits.

[4] This Order resolves the portion of the motion at Doc. 116 relating to exhibits. Doc. 116 remains pending as to the expert disclosure issue.