WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| April Carrie Crick, et al., | No. CV-21-00978-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Globe, et al., | |
| Defendants. | |

Pending before the Court is Defendants' motion to bifurcate portions of trial. (Doc. 119). The beginning of motion states that there is one fact dispute for trial that must be decided by the jury for the Court to then decide qualified immunity and the state law intentional infliction of emotional distress claim. (Doc. 119 at 1).

Turning to the state law claim first, what Defendants propose is legally and procedurally incorrect. In essence, Defendants ask that this Court send what would amount to mid-trial fact interrogatories to the jury, and then decide the case itself based on those answers. But the right to trial by jury does not allow the Court to make the ultimate decision when there are fact disputes. Therefore, the request to bifurcate as to the state law claim is denied.

Regarding the federal claims, Defendants cite many cases in which a court bifurcated liability *from* damages. But that is not what Defendants seek here. Defendants seek to have a first trial on the factual dispute(s)[1] that precluded this Court from deciding

---

[1] Defendants claim a single fact is in dispute. (Doc. 119 at 2, 6). The summary judgment order speaks for itself as to the facts the Court found to be in dispute that precluded a grant

1  qualified immunity on summary judgment. Defendants then want this Court to issue a
2  ruling on qualified immunity, and only if qualified immunity is denied, proceed to trial on
3  liability *and* damages. Defendants did not cite a case wherein qualified immunity was
4  bifurcated from liability and damages. Conversely the Court of Appeals has articulated a
5  procedure for deciding qualified immunity when there are fact disputes:

> When there are disputed factual issues that are necessary to a qualified immunity decision, these issues must first be determined by the jury before the court can rule on qualified immunity. *Morales v. Fry*, 873 F.3d 817, 824 (9th Cir. 2017); *see also Nehad v. Browder*, 929 F.3d 1125, 1140 (9th Cir. 2019). The issue should be preserved in a Rule 50(a) motion at the close of evidence and then revisited, if appropriate, after the verdict in a Rule 50(b) motion. *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1083 (9th Cir. 2009) ("When a qualified immunity claim cannot be resolved before trial due to a factual conflict, it is a litigant's responsibility to preserve the legal issue for determination after the jury resolves the factual conflict."); *see also A.D. v. Cal. High. Patrol*, 712 F.3d 446, 452 n.2 (9th Cir. 2013) (noting that defendant preserved his position on qualified immunity—renewed in Rule 50(b) motion after trial—by bringing Rule 50(a) motion for JMOL before case was submitted to jury). Consistent with this case law, there may be particular cases in which a special verdict on a discrete fact is warranted in order to resolve a qualified immunity claim. But a special verdict is not required in every qualified immunity case involving disputed issues of material fact for the purpose of evaluating a post-verdict qualified immunity defense. *See Lam v. City of San Jose*, 869 F.3d 1077, 1086 (9th Cir. 2017).

16  Manual of Model Civil Jury Instructions, 9. Civil Rights Actions–42 U.S.C. 1983, 9.34
17  Qualified Immunity, ¶ 12 (current as of April 15, 2024).

18  The foregoing shows bifurcation of qualified immunity from liability and damages
19  is not the preferred procedure. Based on this law, the motion to bifurcate qualified
20  immunity from liability and damages is denied.

21  Moreover, here, the disputed issues of fact regarding liability and the disputed issues
22  of fact regarding qualified immunity are the same issues. Thus, there would be no time
23  savings by bifurcation; instead, bifurcation would require every eyewitness to testify about
24  the exact same factual scenario twice. Accordingly, Defendants claims of "undue
25  sympathies and misapplied emotions" are baseless because the facts to be decided for either

---

of summary judgment. (Doc. 82). However, the Court notes that even Defendants' characterization of the one fact in dispute subsumes more that one fact. Specifically, Defendants claim the "fact" in dispute is: "whether April Crick dangerously accelerated her vehicle while Officer Hernandez was positioned between the driver's door of Crick's vehicle and in close proximity to the wall of Crick's building."

qualified immunity or liability all arise from the same interaction between Plaintiff April Crick and Defendants. (Doc. 119 at 6).

As indicated above, the beginning of the motion seeks to bifurcate qualified immunity from liability and damages. (Doc. 119 at 1). By the end of the motion, Defendants seem to seek to bifurcate liability from damages. (Doc. 119 at 6 ("Here, the issues of liability and damages are separate and distinct.") (emphasis omitted)). The Court is unclear if this is just sloppy language, or an actual pivot in what is being requested. Assuming it is a pivot, and Defendants are seeking to bifurcate liability from damages, like with the state law claim, this Court cannot decide *liability* when there are disputed issues of fact.[2] Thus, having the jury answer a special interrogatory on a fact dispute does not vest in this Court the power to then decide liability based on those factual findings by the jury. The entire issue of liability must be decided by the jury. For these reasons, to the extent the motion seeks to bifurcate liability from damages based on the jury resolving fact disputes, the motion is in conflict with the right to trial by jury; and accordingly denied.

Based on the foregoing,

**IT IS ORDERED** that the motion to bifurcate (Doc. 119) is denied.

Dated this 16th day of April, 2024.

James A. Teilborg
Senior United States District Judge

---

[2] Conversely, if there are no relevant fact disputes, or once all fact disputes are resolved, qualified immunity is a question of law for the court. *See Torres v. City of Los Angeles*, 548 F.3d 1197, 1210 (9th Cir. 2008).

- 3 -