**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| April Carrie Crick, et al., | No. CV-21-00978-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Globe, et al., | |
| Defendants. | |

**I.      Exhibit Issues**

The final pretrial conference in this action is scheduled for Wednesday, May 8, 2024, starting at 10:00 AM. However, the parties have previously indicated a significant struggle to mark and list exhibits consistently and/or in a manner that satisfies all parties (among other struggles with cooperation), such that this Court has been forced to participate extensively in the process. (Docs. 94, 95, 98, 100, 101, 104, 107. 109, 110, 116, 120, 122, 129). With this in mind, the Court orders the parties to appear one hour earlier on the date of the final pretrial conference with their exhibits marked and numbered as they must be for trial. The Court directs the parties' attention to its Order at Doc. 90, Attachment #2, for detailed instructions concerning marking their exhibits. The Court acknowledges that Attachment 2 to Doc. 90 contemplates exhibit delivery on the day of trial or the day before trial and not at the final pretrial conference. (Doc. 90 at 8). However, given the circumstances, the Court requires the parties to deliver marked exhibits and exhibit lists compliant with the requirements set forth in Attachment 2 on the date of the final pretrial

conference.

## II. Expert Disclosure Issues

The Court makes no ruling on the expert disclosure issues at this time; however, in the interest of streamlining the discussion at the final pretrial conference, the Court provides the following applicable legal standard. In *Goodman v. Staples The Office Superstore, LLC*, the Ninth Circuit Court of Appeals ("Ninth Circuit") held the following. "Today we join those circuits that have addressed the issue [of whether treating physicians must provide expert reports] and hold that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." 644 F.3d 817, 826 (9th Cir. 2011).

Accordingly, *Goodman* addresses whether a treating physician must supply an expert report, not necessarily whether other pertinent expert disclosures are required. The decision merely clarifies when the expert treating physician does or does not need to provide a written report pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(B).

A later Ninth Circuit decision has since clarified this issue. *See Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 739–40 (9th Cir. 2021) ("A treating physician who is expected to testify regarding opinions 'formed during the course of treatment' need not submit a detailed expert report. Nonetheless, disclosures of non-retained, treating physicians must include '(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.'") (citations omitted).

Thus, even when a treating physician is not required to provide a written report pursuant to FRCP 26(a)(2)(B), a treating physician *is* subject to expert disclosure requirements pursuant to FRCP 26(a)(2)(C), to the extent that the treating physician provides expert opinions rather than providing testimony that a lay witness would be able to provide.[1]

---

[1] *See O'Daniel v. Arizona Hay and Feed LLC*, No. CV-20-02224-PHX-ESW, 2022 WL 1443764, at *4 (D. Ariz. May 6, 2022) ("The Court does not rule at this time on whether the non-retained experts may testify as fact witnesses. *See Krause v. Hawaiian Airlines, Inc.*, No. 2:18-CV-00928 JAM AC, 2019 WL 2598770, at *6 (E.D. Cal. June 25, 2019)

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the parties shall appear for the final pretrial conference on Wednesday, May 8, 2024, at 9:00 AM.

**IT IS FURTHER ORDERED** that the parties shall deliver marked exhibits and exhibit lists as required herein on Wednesday, May 8, 2024, at 9:00 AM. This Order supersedes any previous Order requiring such delivery on any other day.

**IT IS FURTHER ORDERED** that Defendants' Motion, (Doc. 116), is **DENIED** without prejudice as to the expert disclosure issues to raise these issues for resolution at the final pretrial conference.

**IT IS FINALLY ORDERED** that Plaintiffs' counsel shall come to the final pretrial conference prepared to address each of Defendants' objections to the four witnesses Defendants discuss in (Doc. 129), including the following: the first document in which each witness was disclosed (if any), subsequent disclosures providing additional information about the witness (if any), and evidence showing that each witness formed their opinion(s) during the course of treatment (if any).

Dated this 30th day of April, 2024.

James A. Teilborg
Senior United States District Judge

---

(explaining that "the witnesses precluded from offering expert testimony may, of course, testify as fact witnesses to the extent permitted by the trial judge"); *Titus v. Golden Rule Ins. Co.*, No. CV-12-00316-PHX-ROS, 2014 WL 11515698, at *3 (D. Ariz. Apr. 4, 2014) (holding that a treating physician who was not properly disclosed as a Rule 26(a)(2)(C) expert could testify about his treatment "to the same extent any lay witness would be able to describe that treatment," but that he could not describe why he undertook particular treatments "if, as is likely, explaining 'why' would require [him] to offer an impression based on his specialized knowledge and skill.")").