**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| April Carrie Crick, et al., | No. CV-21-00978-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Globe, et al., | |
| Defendants. | |

The Court rules on Defendants' motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) (Doc. 143) as follows.

Defendants' motion is **DENIED** as to the following: Fourth Amendment unreasonable seizure claim as to both officers; Fourth Amendment excessive force claim as to both officers; First Amendment retaliation claim as to both officers; intentional infliction of emotional distress claim; punitive damages.

Defendants' motion is **GRANTED** as to Plaintiffs' Fourteenth Amendment familial association claim on the basis of qualified immunity. A defendant in a § 1983 action is entitled to qualified immunity from damages for civil liability if his conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Peck v. Montoya*, the Ninth Circuit Court of Appeals stated the following: "[w]e have not previously held whether a substantive due process right exists in [the context of a familial-association claim asserted by a spouse, rather than a parent or child], and other courts of

appeals have reached conflicting conclusions." 51 F.4th 877, 893 (9th Cir. 2022) (collecting cases and determining that the Ninth Circuit still need not reach this issue). Because spousal entitlement to a familial-association claim under the Fourteenth Amendment is not a clearly established right, Defendants are entitled to dismissal of Plaintiffs' Fourteenth Amendment Familial Association Claim based on the defense of qualified immunity.[1] Accordingly, **IT IS ORDERED** that Plaintiffs' Fourteenth Amendment familial association claim is dismissed.

The Court further notes that the claim now dismissed is the only claim in which Timothy Crick could possibly be an appropriate plaintiff. As such, **IT IS ORDERED** that Plaintiff Timothy Crick is **DISMISSED**.

Defendants' motion is **GRANTED** as to business loss because there is no evidence of economic loss on this record.

Dated this 24th day of May, 2024.

James A. Teilborg
Senior United States District Judge

---

[1] Although not specifically argued by either party, the Court also has not located any precedent in which the Ninth Circuit has applied procedural due process rights to familial-association claims in the spousal context. As a practical matter, and as acknowledged by the Ninth Circuit's model jury instructions, procedural due process claims of familial-association violation "typically arise when a state official removes a child from a parent's care." Manual of Model Civil Jury Instructions, 9. Civil Rights Actions–42 U.S.C. 1983, 9.32 Interference with Parent/Child Relationship § II.A (current as of May 17, 2024). Given the nature of procedural due process claims generally, the Court finds procedural due process could not apply in this case; moreover, the law of procedural due process familial-association claims in the spousal context is not clearly established.